UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-28 (ADM)

UNITED STATES OF AMERICA,

          Plaintiff,

v.

KENDALL DVONTAE PRUITT,

          Defendant.

**GOVERNMENT'S POSITION REGARDING SENTENCING**

The United States by its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and David P. Steinkamp, Assistant United States Attorney, hereby submits its Position Regarding Sentencing in the above-entitled matter.

**1.  SENTENCING GUIDELINES.**

    **A.  Base Offense Level.**

The government agrees with the finding of the PSR that the base offense level is 13.

    **B.  Specific Offense Characteristics.**

The government withdraws its objection and agrees with the PSI that the Defendant did not commit a federal, state or local offense while away from the non-secure "halfway house." Therefore, the government agrees that the adjusted offense level is 9.

**2.  CHAPTER 3 and 4 ADJUSTMENTS.**

The government agrees with the PSR that no Chapter 3 or 4 adjustments apply.

3.     **ACCEPTANCE OF RESPONSIBILITY.**

The government recommends a 2-level reduction for acceptance of responsibility. Accordingly, the total offense level is 7.

4.     **CRIMINAL HISTORY.**

The government concurs in the conclusion of the PSR that the Defendant falls within criminal history category IV.

5.     **APPLICABLE GUIDELINE RANGE.**

With a total offense level of 7 and a criminal history category of IV, the guidelines recommend a range of 8-14 months imprisonment.

6.     **SENTENCING FACTORS.**

Under 18 U.S.C. 3553(a), when determining the ultimate sentence, the Court looks to the nature and circumstances of the offense; the history and characteristics of the Defendant; the seriousness of the offense; the need to promote respect for the law; the need to provide adequate deterrence and protection of the public; providing the Defendant with needed educational training, vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; and the applicable guideline sentencing range.  18 U.S.C. 3553(a).

Here, under the unique facts and circumstances of this case outlined in the PSR, and based on the individual characteristics of this Defendant, the government seeks a sentence of 12 months, and urges the Court to reject any argument for a lower sentence.

### A. The Nature of the Offense.

It is undisputed that the Defendant left the halfway house on May 1, 2020, in the throes of grief after his brother had been murdered. His loyalty to his brother's memory is admirable. However, he was apprehended two months after he left the halfway house. He could have gone back to the halfway house after the funeral. Instead, he stayed out. He was apprehended in a car with two pistols in August 2020, one located at his feet. The Defendant is a HIT squad gang member. PSI ¶ 33. He was convicted of Crime for the Benefit of a Gang in 2015. The Court is well aware that gang culture often demands and expects retaliation. It is likely the Defendant did not just escape the halfway house to attend a funeral, but instead stayed out of the halfway house to avenge his brother's unfortunate murder. This makes the case much more serious than a typical walk away escape.

### B. The History and Characteristics of the Defendant.

It appears that the Defendant is deeply enmeshed in the gang lifestyle in St. Paul. The Defendant is 24 years old. He got caught carrying an illegal pistol at age 17. PSI ¶ 30. Regarding that crime, an off-duty St. Paul police officer was notified about a group of juveniles fighting. One individual, the Defendant, was seen pointing a firearm at others. The officer spotted the defendant outside and ordered him to get on the ground when the defendant dropped a loaded pistol and fled on foot. The defendant was apprehended after a short foot pursuit, and the officer recovered the loaded firearm. Id. He was discharged from probation for that offense in May 2015. Id.

In June 2015, the Defendant was back at his criminal gang-related behavior. According to court records, on June 17, 2015, the defendant and other HIT Squad gang

3

members assaulted a rival gang member. The rival member was sitting at a bus stop when another individual from the rival gang began shooting at the defendant and coconspirators. A HIT Squad member suffered a gunshot wound because of these events. PSI ¶ 30.  He pled guilty to Crime for the Benefit of a Gang.  Id.  After failing supervised release conditions several times, the Defendant was sentenced to 1 year and 1 day in prison. Id. His sentence expired in December 2016. Id.

While on supervision for this offense, the Defendant was prosecuted for another gang-related conspiracy that occurred between 2014 and 2015. PSI ¶ 34. The Defendant and his coconspirators were involved in the illegal possession and use of between 25 and 99 firearms. Id.  He was sentenced to 53 months.  Id.  He was released from prison and was placed in the halfway house in February 2020.  Id. Three months later he escaped.

The Defendant has a gang problem.  His entire criminal history is gang-related.  His participation in these types of offenses show that he was likely out on escape to avenge his brother's murder.  His history must drive the current sentence.  A year in prison is a reasonable consequence for his action based on his prior acts and the nature of the offense.

**C.     Deterrence, Need to Protect the Public and Benefits of Incarceration.**

A sentence of a year will protect the public, at least for a short time.  The Defendant will be incapable of committing crimes while in prison.  In addition, he will receive programming and work skills while in prison that will allow him to work and contribute to the community as a law-abiding citizen.

**7.      SUPERVISED RELEASE.**

The government requests a supervised release term of 3 years.

Dated: November 30, 2021

                                                Respectfully Submitted,

                                                CHARLES J. KOVATS, JR.
                                                Acting United States Attorney

                                                *s/ David P. Steinkamp*
                                                BY:  DAVID P. STEINKAMP
                                                Assistant U.S. Attorney
                                                Attorney ID No. 178470